Filed 3/25/13  P. v. Beckwith CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> GERALD DELANE BECKWITH, <br><br> Defendant and Appellant. | B242147 <br><br> (Los Angeles County <br> Super. Ct. No. MA052644) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Akemi D. Arakaki, Judge.  Affirmed as modified.

Murray A. Rosenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Lawrence M. Daniels, Supervising Deputy Attorney General and Ana R. Duarte, Deputy Attorney General, for Plaintiff and Respondent.

_____

Gerald Beckwith was convicted of first degree residential burglary and petty theft, and received a sentence of 37 years to life. Beckwith appeals, arguing that the trial court abused its discretion in denying his motion to dismiss one or both of his prior strikes. We modify the abstract of judgment and otherwise affirm the judgment.

## BACKGROUND

An amended information charged Beckwith with one count of first degree residential burglary in violation of Penal Code section 459[1] (count 1), and one count of petty theft with three priors in violation of section 666, subdivision (a) (count 2). The information also alleged that Beckwith had suffered two prior strike convictions as to both counts within the meaning of sections 1170.12, subdivisions (a) through (d), section 667, subdivisions (b) through (i), and section 667, subdivision (a)(1), and further alleged that Beckwith had served eight prior prison terms within the meaning of Penal Code section 667.5, subdivision (b). Beckwith pleaded not guilty and denied the allegations.

A jury found Beckwith guilty as charged on both counts. In a bifurcated proceeding, Beckwith waived jury trial, and the court found the prior conviction allegations to be true, except for one of the eight prior prison term allegations. The trial court also denied Beckwith's motion to dismiss his prior "strike" convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). The court sentenced Beckwith to a total of 37 years to life, detailed as follows: On count 1, Beckwith received a term of 25 years to life pursuant to the "Three Strikes" law, five years each for the two prior serious felony convictions, and one year each for two of the seven prior prison terms. The court stayed the term for count 2 under section 654. The court ordered Beckwith to pay fines and fees, and awarded him 478 days of custody credit. Beckwith filed a timely notice of appeal.

The testimony at Beckwith's trial was that on April 30, 2011, Tiara Eaton was moving into her new apartment at 44641 10th Street West in Lancaster. At 2:30 p.m., she locked the apartment door and went with her mother to buy some pizza.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

That same day, Angelena Blue, whose apartment was directly across from Eaton's, returned home about 1:00 p.m. or 2:00 p.m. Beckwith, who was a former boyfriend of Blue's daughter, loitered outside Blue's apartment asking for the return of his things. Blue's daughter gave Beckwith the items in a plastic bag, and Blue asked Beckwith to leave. Instead, Beckwith sat on a windowsill of Eaton's apartment. Blue called the police, but when nobody answered she gave the phone to her daughter and peeked outside.

Blue watched Beckwith make a call and then a younger man, Antonio Smalls,[2] arrived. Beckwith pushed Eaton's apartment door open and went inside, followed by Smalls. Smalls then came out of Eaton's apartment with a box. Blue told him to put the box back, and when he reentered Eaton's apartment, Blue went inside her apartment to call the police. When she returned to her door, she saw Beckwith and Smalls walking away on the street, holding boxes. She shouted at them to bring the boxes back, but they continued to walk away. Blue called the police.

When Eaton returned from buying a pizza, she saw that her apartment door was open and the frame was damaged, and when she went inside she saw that her things had been knocked down and some of her property was missing. Blue told Eaton that she had seen two men steal a couple of boxes. Blue then drove to where Beckwith and Smalls had gone, followed by Eaton and her mother. The women confronted Beckwith and Smalls, who were holding boxes of Eaton's property, and demanded that the men give it back. Eaton and her mother eventually recovered the stolen items.

Eaton's brother found a shaving kit in Eaton's apartment. They turned the bag over to the police, who found inside a utility bill with Beckwith's name and address. While on the way to Beckwith's apartment, the police arrested Beckwith on the street.

The defense read into the record a stipulation between the parties that a doctor reviewed Beckwith's medical record, and based on that review and an examination of

---

[2] The parties stipulated that Smalls was convicted of the first degree residential burglary of Eaton's apartment.

Beckwith, the doctor determined that due to a prior injury to Beckwith's right hand, it would have been painful, although not impossible, for Beckwith to hold an object in his right hand.

**I.     The court did not abuse its discretion in failing to strike all the prior strike allegations.**

Beckwith filed a posttrial motion requesting that the trial court dismiss prior strike allegations in the interest of justice under section 1385 and *Romero*, *supra*, 13 Cal 4th 497.  Beckwith argued that the court should exercise its discretion to do so because his current offense was not violent or life-threatening, he would receive a long sentence even without the prior strikes, and he cooperated with the police after his arrest.  Beckwith also argued that his two prior strikes were remote, consisting of robbery convictions in 1985 and 1988.

At the sentencing hearing, the trial court found true Beckwith's alleged prior convictions of robbery in 1985 and 1988.  Beckwith's prior prison terms included two for taking a vehicle without the owner's consent in 1986, and 1999; attempted grand theft auto in 1988; robbery in 1988; possession of a controlled substance in 2003 and 2007; and petty theft with a prior in 2006.  The court stated that it had taken time to analyze the *Romero* motion, including consideration of Beckwith's constitutional rights, the interest of society in fair prosecution, the current charges, the prior convictions, and Beckwith's background, character, and prospects.[3]  The court continued:  "The problem is, the court struggled with it.  I will admit.  I really considered the age of the strikes.  However, based on Mr. Beckwith's criminal history and the fact that he has not remained crime free for such a long period of time, he has suffered so many prison priors, and based on the seriousness of the current charge, the court does not believe that Mr. Beckwith is outside

---

[3] The court took into account references and a letter from a psychologist who had examined Beckwith.  The psychologist reported that although Beckwith stated that he had been diagnosed with schizophrenia and bipolar disorder (for which he required medication), at the time of the interview he was calm and clear in his thoughts, and nothing in the record suggested that Beckwith's thought process was impaired at the time of the offense.

the scope or spirit of the third strikes law in the sentencing scheme." The court denied the *Romero* motion.

Beckwith addressed the court and asked it to reconsider, arguing that there were inconsistencies in the evidence, and maintaining his innocence of the burglary charge. The court replied that Beckwith had been convicted by a jury, Beckwith's prior strikes were serious, and "it's been time and time again that you have continued to conduct yourself inappropriately and pick up felony convictions, sir. It is not a matter of you walking in here, Mr. Beckwith, 25 years later with a clean slate . . . . For the last seven cases, Mr. Beckwith, you have gone to prison. [¶] . . . [¶] . . . And for theft-related offenses. And based on those circumstances the Romero motion was denied."

The trial court has discretion under the Three Strikes law to dismiss prior conviction allegations in the furtherance of justice. (§ 1385, subd. (a); *Romero*, *supra*, 13 Cal.4th at pp. 529–530.) In exercising its discretion, the court must take into account the particulars of the defendant's background, character, and prospects; his constitutional rights; the nature and circumstances of the current and prior offenses; and the interests of society, to decide whether the defendant may be deemed outside the anti-recidivist "spirit" of the Three Strikes law, in whole or in part. (*People v. Williams* (1998) 17 Cal.4th 148, 161; *Romero*, at pp. 530–531.) We give deference to the court's exercise of its discretion, and will not reverse the court's denial of a *Romero* motion "unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) The Three Strikes law "not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper. [¶] In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances." (*Id.* at p. 378.) If the record shows that the trial court has considered the relevant facts and reached its decision impartially and in the spirit of the

5

law, we affirm "'even if we might have ruled differently in the first instance,'" and reverse only when the circumstances are "'extraordinary.'" (*Ibid.*)

No extraordinary circumstances appear in this case. The trial court properly weighed Beckwith's particulars, his constitutional rights, and the nature of his current and prior offenses. Although no statement of reasons is required when the court does not dismiss a prior conviction finding (*In re Large* ( 2007) 41 Cal.4th 538, 550), the trial court in this case noted that although Beckwith's robbery convictions were in 1985 and 1988, there were seven other convictions (the most recent in 2007), most of which were theft related. Beckwith contends that he "clearly has a drug problem" which was related to his more recent and his current offenses, but substance abuse is not necessarily a mitigating factor when a defendant has a long-term problem and does not show that he has pursued treatment for his addiction. (*People v. Martinez* (1999) 71 Cal.App.4th 1502, 1511.)

The trial court's refusal to dismiss the prior strike convictions was not a decision with which all reasonable people would disagree, and we therefore conclude that the court did not abuse its discretion in denying the *Romero* motion.

## II.    The abstract of judgment must be amended.

Respondent points out, and Beckwith concedes, that one additional court security fee and one additional court construction fee should be added. The omission of mandatory assessments, surcharges, and penalties may be corrected for the first time on appeal. (*People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1530.) One $40 court operations assessment "shall be imposed" for each felony criminal conviction. (Penal Code, § 1465.8, subd. (a)(1); *People v. Roa* (2009) 171 Cal.App.4th 1175, 1181.) One $30 fine "shall be imposed" for each felony criminal conviction as a court construction fee. (Gov. Code, § 70373, subd. (a)(1); *People v. Lopez* (2010) 188 Cal.App.4th 474, 480.) The court imposed only one court operations fee and one court construction fee. Beckwith's two convictions require that we order the abstract of judgment corrected to reflect a second $40 court operations assessment under Penal Code section 1465.8,

6

subdivision (a)(1), and a second $30 court construction fee under Government Code section 70373, subdivision (a)(1).

We agree with respondent that the abstract must be further amended to reflect the court's oral pronouncement imposing a total prior serious felony enhancement of 10 years under section 667, subdivision (a)(1).  The court stated that as to count 1 "it is 5 years on each [Beckwith's prior robbery convictions], for a total of 10 years."  The minute order, however, states that the court imposed a single five-year prior serious felony enhancement under section 667, subdivision (a)(1), and then doubled the five years under the Three Strikes law for a total of 10 years.  The abstract of judgment also states that one 10-year enhancement was ordered.  The abstract of judgment must be amended to reflect that two separate five-year enhancements were ordered for Beckwith's prior serious felonies.

## DISPOSITION

The trial court is ordered to correct the abstract of judgment to reflect a second $40 court operations assessment pursuant to Penal Code section 1465.8, subdivision (a)(1); a second $30 court construction fee under Government Code section 70373, subdivision (a)(1); and two separate five-year enhancements for Beckwith's prior serious felonies pursuant to Penal Code section 667, subdivision (a)(1).  The court is directed to forward a corrected copy of the abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


                                        JOHNSON, J.


We concur:


        MALLANO, P. J.


        ROTHSCHILD, J.


7